**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | |
|---|---|
| RALCORP HOLDINGS, INC.,<br>a Missouri corporation; and<br>MEDALLION FOODS, INC., an<br>Arkansas corporation | PLAINTIFFS |
| v.   No. 1:12CV00018 JLH | |
| FRITO-LAY NORTH AMERICA, INC.,<br>a Delaware corporation | DEFENDANT |

**OPINION AND ORDER**

The parties in this action manufacture and sell competing bowl-shaped tortilla chips. Frito-Lay North America, Inc., contends that it has patents and trademarks for those chips and that Ralcorp Holdings, Inc., and Medallion Foods, Inc., are infringing the patents and trademarks. Frito-Lay initiated communications with Ralcorp and Medallion about its claims on February 8, 2012, and stated in that communication that a response should be forthcoming by noon on Friday, February 10, 2012, if Ralcorp and Medallion wished to avoid litigation. Ralcorp and Medallion did not respond by that deadline. On the afternoon of February 10, 2012, Ralcorp and Medallion commenced the present action seeking cancellation of one of the patent registrations and a declaration that they have not infringed Frito-Lay's patents and trademarks. Later that evening, Frito-Lay commenced an action in the Sherman Division of the Eastern District of Texas seeking injunctive relief and compensatory damages as remedies for the alleged infringement. Frito-Lay then filed a motion to dismiss this action based on the anticipatory filing doctrine, which, Frito-Lay argues, prohibits the use of a declaratory judgment action as a preemptive strike to defeat a would-be plaintiff's choice of forum. Ralcorp and Medallion responded by filing a motion asking the Court to enjoin Frito-Lay from proceeding in the action in the Eastern District of Texas.

Ralcorp and Medallion now have moved pursuant to Rule 3.7 of the Arkansas Rules of Professional Conduct[1] to strike the affidavit of Timothy S. Durst, counsel of record for Frito-Lay, who has executed an affidavit that was appended as an exhibit in support of Frito-Lay's motion to dismiss. Document #6-5. Frito-Lay has responded by saying that the affidavit should not be struck because it simply recites uncontested matters regarding the sequence of events giving rise to the controversy. Ralcorp and Medallion have replied by pointing to some of the statements in the affidavit that it argues are contested.

Rule 3.7 provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case; or
    (3) disqualification of the lawyer would work substantial hardship on the client.

The Supreme Court of Arkansas has interpreted Rule 3.7 to prohibit a lawyer from submitting an evidentiary affidavit in support of a motion even though the rule, by its express terms, only prohibits a lawyer from acting as a witness while also acting as an advocate at a trial. *Int'l Res. Ventures, Inc. v. Diamond Mining Co. of Am.*, 326 Ark. 765, 769-72, 934 S.W.2d 218, 220-22 (1996); *McIntosh v. Sw. Truck Sales*, 304 Ark. 224, 225, 800 S.W.2d 431, 432 (1990).

As noted, Frito-Lay contends that the statements in Durst's affidavit are uncontested, whereas Ralcorp and Medallion contend that some of the statements in the affidavit are contested. Ralcorp and Medallion first point to statements in the affidavit in which Durst references a

---

[1] Pursuant to the Model Federal Rules of Disciplinary Enforcement, the Arkansas Rules of Professional Conduct have been adopted by this Court. *See* Appendix for the Local Rules of the U.S. District Courts of the Eastern and Western Districts of Arkansas, Rule IV.B.

voicemail, a fax, and an email regarding Durst's attempt to communicate with Andy Westervelt as a representative of Ralcorp and Medallion. Ralcorp and Medallion do not, however, dispute that Durst attempted the contacts that he says he attempted. Instead, they say that Durst's account is incomplete and potentially misleading because Westervelt retired several months ago.

Ralcorp and Medallion next reference an affidavit of a paralegal from the Baker Botts law firm appended as an exhibit to Frito-Lay's response to Ralcorp and Medallion's motion to enjoin Frito-Lay from proceeding in the Eastern District of Texas. Document #21-2. Although Ralcorp and Medallion contend that the paralegal's affidavit puts the credibility of the lawyers in issue, they have not moved to strike that affidavit, nor does their argument based on the paralegal's affidavit show that any specific statement in the Durst affidavit is contested.

Ralcorp and Medallion contend that in paragraph 3 of his affidavit Durst relates facts that were told to him by his client and of which he would have no personal knowledge, which is, in effect, a hearsay objection rather than an objection based on Rule 3.7. The statements in paragraph 3 are not hearsay, however, because they are not offered to prove the truth of the matters asserted. Fed. R. Evid. 801(c)(2). The purpose of the statements in paragraph 3 is to explain why Durst attempted to communicate with Kent Vickery. It is undisputed that on February 8, 2012, Durst wrote a letter to Medallion Foods, attention Andy Westervelt and Michael K. Bickery (an inadvertent misspelling of Vickery's surname). Again, nothing in paragraph 3 of the affidavit is contested.

Finally, Ralcorp and Medallion contend that paragraph 5 of the affidavit goes beyond a mere statement of undisputed facts inasmuch as Durst says in his affidavit that he "discussed the seriousness of the infringement of Frito-Lay's valuable intellectual property rights in its TOSTITOS SCOOPS! tortilla chips by the confusingly similar appearance of Medallion's BOWLZ tortilla chip

product and package." That paragraph is a description of the letter attached to the affidavit sent by Durst on February 8, 2012, to Medallion. Document #6-5, at 11-13. Ralcorp and Medallion do not dispute the fact that Durst sent that letter nor do they contend that Durst's summary inaccurately states the gist of the letter. Ralcorp and Medallion dispute the claims made by Durst in the letter, but they do not contend that paragraph 5 is an inaccurate summary of it. Both sides rely on the letter. Frito-Lay contends that the letter was a good faith effort to settle the case, whereas Ralcorp and Medallion contend that the letter, in peremptory language, unreasonably demanded the full-scale shutdown of their food production line on less than forty-eight hours' notice. Because both parties rely on the letter, the Court can consider it and can decide which party correctly characterizes the nature of the letter by reference to the letter, itself. As noted, paragraph 5 of Durst's affidavit summarizes the content of the letter and does so accurately. That summary does not present the characterization of the letter argued by Frito-Lay, i.e., that it was a good faith effort to reach a settlement; nor does the summary foreclose the characterization advocated by Ralcorp and Medallion, i.e., that the letter constituted an unreasonable demand that their food production line be shut down on less than forty-eight hours' notice.

The Court has parsed each of the arguments by Ralcorp and Medallion and has found no specific statement in the Durst affidavit that Ralcorp and Medallion contest.

As noted, Rule 3.7 provides, in effect, that a lawyer may not testify in a case in which the lawyer is an advocate unless the testimony relates to an uncontested issue. To state the rule conversely, a lawyer is not disqualified from acting as an advocate in a case in which he offers testimony on an uncontested issue. *Chelette v. State*, 308 Ark. 364, 369, 824 S.W.2d 389, 392 (1992); *Arkansas Blue Cross and Blue Shield, Inc. v. Doe*, 22 Ark. App. 89, 96-97, 733 S.W.2d 429, 433-34 (1987). Here, the Durst affidavit states a sequence of events that, so far as the Court can tell

4

from the parties' moving papers, is uncontested. To the extent that Ralcorp and Medallion contend that the sequence of events must be placed in a larger context by reference to other uncontested facts, such as the fact that Westervelt retired several months ago, so be it. Frito-Lay has not objected to the Court's consideration of such uncontested facts, nor is it in a position to argue that the Court should not consider them.

The affidavit of Timothy S. Durst states uncontested facts relating to a sequence of events concerning which the Court needs to be informed so as to rule on the competing motions. Therefore, the motion to strike the affidavit of Timothy S. Durst is denied. Document #26.

IT IS SO ORDERED this 16th day of March, 2012.

*[signature]*

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE