**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | |
|---|---|
| RALCORP HOLDINGS, INC., a Missouri corporation; and MEDALLION FOODS, INC., an Arkansas corporation | PLAINTIFFS |
| v.    No. 1:12CV00018 JLH | |
| FRITO-LAY NORTH AMERICA, INC., a Delaware corporation | DEFENDANT |

**OPINION AND ORDER**

The parties in this action manufacture and sell competing bowl-shaped tortilla chips. Frito-Lay North America, Inc. holds various patents and trademarks for SCOOPS!, its version of such chips. On the afternoon of February 10, 2012, Ralcorp Holdings, Inc. and Medallion Foods, Inc. commenced the present action seeking cancellation of one of Frito-Lay's trademark registrations and a declaration that they have not infringed Frito-Lay's patents and trademarks by producing their bowl-shaped chips, called BOWLZ, which it sells exclusively to Wal-Mart. Later that evening, Frito-Lay commenced an action in the Eastern District of Texas seeking injunctive relief and compensatory damages as remedies for the alleged infringement of Ralcorp and Medallion's BOWLZ. Frito-Lay then moved to dismiss the present action, arguing that Ralcorp and Medallion cannot use a declaratory judgment action as a preemptive strike to defeat Frito-Lay's forum choice. Ralcorp and Medallion responded by asking the Court to enjoin Frito-Lay from proceeding in the action in the Eastern District of Texas. Thus, the issue before the Court is whether to go forward with this action, or instead, dismiss, transfer, or stay the action in deference to the Eastern District of Texas. For the following reasons, the present action will be stayed in anticipation of the Eastern District of Texas's ruling on personal jurisdiction.

In cases of concurrent jurisdiction, it is well established that "the first court in which jurisdiction attaches has priority to consider the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citing *Orthmann & Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). The first-filed rule is not, however, a rigid, mechanical, or inflexible rule; instead, the rule should be applied in a manner that best serves the interests of justice. *Id*. "The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Id*. (internal citations and quotation marks omitted). Compelling circumstances may exist, however, when two "red flags" are present: (1) when the party that is the first to file is on notice from the opposing party that litigation is imminent, and (2) the action that is filed first is an action for declaratory relief. *Id*. at 1007. Other factors relevant to the decision of whether to apply the first-filed rule may include the length of time between notification of the imminent litigation and the first-filed action, the ability of the first filing party to show that it was experiencing adverse effects in waiting for the notifying party to commence litigation, and whether the party that filed first acted in bad faith. *Id*.; *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999); *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Emps. Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995).

Here, Ralcorp and Medallion were on notice that a lawsuit was imminent. On the evening of Wednesday, February 8, 2012, Frito-Lay sent a letter to Medallion, which was received on the morning of Thursday, February 9, 2012, making a demand that production of the competing chips cease and imposing a deadline of noon on Friday, February 10, 2012. The letter stated, "We are prepared to take legal action to protect Frito-Lay's rights, but have elected to contact you first to pursue an out-of-court resolution." That letter was followed on the morning of February 9 with a telephone message left for Kent Vickery, Medallion's director of operations, asking for a return call

and stating, "Frito-Lay has instructed us to prepare for a legal action, for the filing of a lawsuit." This, along with the attempts at contact, is sufficient to show notice of imminent legal action.[1]

Ralcorp and Medallion argue that the notice provided by Frito-Lay was insufficient to avoid the first-filed rule, citing *Riedell Shoes, Inc. v. Adidas*, Civ. No. 11-251, 2011 WL 1868180 (D. Minn. May 16, 2011). Contrary to Ralcorp and Medallion's arguments, that case is not on point. In *Riedell*, the court found that Riedell, the first filer, was not on notice that the opposing party, Adidas, would pursue litigation because Adidas' cease-and-desist letter did not clearly threaten imminent legal action. At the time of Adidas' cease-and-desist letter, Riedell had a trademark application pending before the U.S. Patent and Trademark Office, and Adidas had requested an extension of time within which to object to the trademark application. Before the time for filing an objection had expired, Adidas sent Riedell the cease-and-desist letter demanding, among other things, that Riedell withdraw its trademark application and stating that if Adidas did not receive a satisfactory response within ten days, it would "take appropriate action to protect the rights of adidas." *Id.* at *2. The court found that a "reasonable interpretation of the threat to take 'appropriate action' is that adidas would file an opposition to Riedell's trademark application." *Id.* at *4. These unique circumstances are not present here, where, as noted, Ralcorp and Medallion were on notice that a "legal action" was imminent.

Ralcorp and Medallion also argue that their complaint is not exclusively a complaint for declaratory relief. They point out that they have requested cancellation of one of Frito-Lay's trademarks. A similar argument was rejected by the District Court of Nebraska, which explained:

---

[1] While the letter was sent only to Medallion, Ralcorp confirmed its receipt of the letter—and thus, its being put on notice, as well—when its corporate counsel, Cameron Walbert, contacted Frito-Lay on Thursday morning, February 9, concerning the letter. Document #6-5, at 78. Ralcorp is the parent company of Medallion. *Id.*

> To hold that the pleading of non-declaratory claims, in addition to a declaratory claim, automatically prevents the application of the 'compelling circumstances' exception to the first-filed rule would enable parties to circumvent a natural plaintiff's choice of venue merely by attaching closely-related non-declaratory claims to a primary declaratory claim. Such a rigid interpretation would not be in the interests of justice.

*Hilliard v. Credit Suisse First Boston LLC*, No. 8:06CV285, 2006 WL 2239014, *4 (D. Neb. Aug. 3, 2006). Here, Ralcorp and Medallion's request that one of the trademark registrations be cancelled is tantamount to a request for declaratory relief. In fact, the complaint is entitled, "Complaint for Declaratory Judgment," and the prayer for relief requests an order "Declaring that the '278 Registration should be cancelled . . . ." Document #1, at 1, 9. That Ralcorp and Medallion requested cancellation of the trademark registration does not preclude a finding that compelling circumstances justify an exception to the first-filed rule.

Next, Ralcorp and Medallion argue that the Court should not set aside the first-filed rule because they did not act in bad faith in filing this action. While the Eighth Circuit has discussed whether there was bad faith on the part of the party who filed first in some cases, it has never held that a district court must find bad faith as a prerequisite to setting aside the first-filed rule. The Eighth Circuit has, however, affirmed an order dismissing the first-filed action without mentioning bad faith when the two red flags, as well as other factors, were present. *Anheuser-Busch*, 167 F.3d at 419.

Finally, Ralcorp and Medallion argue that, had they not filed immediately, they faced adverse effects (i.e., "immense losses") because they could not continue producing and delivering their products to Wal-Mart. But they have provided no evidence showing any actual harm. The argument fails. *See Anheuser-Busch*, 167 F.3d at 419 ("[T]here is nothing in the record to suggest

4

that Anheuser has even slowed down [its] campaign or that the campaign has been harmed in any way.").

The reality here is that Frito-Lay is the party that claims to have been injured, so it is the natural plaintiff. Frito-Lay gave notice that it intended to file a lawsuit and invited discussions to resolve the dispute out of court. Frito-Lay imposed a short deadline for response, which constitutes unambiguous notice that a lawsuit was imminent. When no response came, Frito-Lay promptly filed its suit. Before it could file its suit, however, Ralcorp and Medallion commenced this action, filing a "Complaint for Declaratory Judgment" less than five hours after the deadline stated by Frito-Lay in its cease-and-desist letter. These facts present compelling circumstances that justify disregarding the first-filed rule.

Ralcorp and Medallion nevertheless contend that the Court should deny Frito-Lay's motion to dismiss and enter an injunction prohibiting Frito-Lay from proceeding in the Eastern District of Texas because they (Ralcorp and Medallion) are not subject to the personal jurisdiction in the Eastern District of Texas and because the Eastern District of Texas is not the appropriate venue for this litigation. Ralcorp and Medallion have filed in the Eastern District of Texas a motion to dismiss or, in the alternative, to transfer the action to this district. In view of this Court's conclusion that the first-filed rule does not apply in this case, priority in making these decisions rests with the Eastern District of Texas. This Court will not rule on whether the Eastern District of Texas has personal jurisdiction over Ralcorp and Medallion or whether venue is appropriate there when those issues are pending before that court. Accordingly, this Court will stay the present action until the Eastern District of Texas decides Ralcorp and Medallion's motion to dismiss or to transfer. If the Eastern District of Texas decides that it has personal jurisdiction and denies the motion to transfer, the present action will be dismissed. If the Eastern District of Texas holds that Ralcorp and

Medallion are not subject to its jurisdiction or that it is not the appropriate venue, this Court will lift the stay and permit this action to go forward.

For the reasons stated, Frito-Lay's motion to dismiss is granted in part and denied in part. Document #4. Ralcorp and Medallion's motion to enjoin Frito-Lay from proceeding with the second-filed case is denied. Document #11. This action is stayed pending a decision from the Eastern District of Texas on the question of whether that court has personal jurisdiction over Ralcorp and Medallion and over the issue of whether venue is proper in that district. The parties are directed to notify this Court when a decision is made in the Eastern District of Texas on these issues.

IT IS SO ORDERED this 20th day of March, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE